Corrie J. Yackulic, WSBA No. 16063
Corrie Yackulic Law Firm, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Telephone:    206/787-1915
Facsimile:     206/299-9725

UNITES STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHRISTOPHER GOUGH,

                Plaintiffs,

v.

COOK INCORPORATED; COOK MEDICAL, LLC; and WILLIAM COOK EUROPE APS,

                Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Civil Case No.:**

Plaintiff, CHRISTOPHER GOUGH, by and through his undersigned attorneys, brings this action against the Defendants, COOK INCORPORATED, COOK MEDICAL, LLC, and WILLIAM COOK EUROPE APS (collectively, the "Defendants") and alleges as follows:

1. This is an action for damages relating to Defendants' development, testing, assembling, manufacturing, packaging, labeling, preparing, distribution, marketing, supplying, and/or selling the defective product sold under the name "inferior vena cava filter" (hereinafter "IVC filter").

**I.    THE PARTIES**

2. Plaintiff, Christopher Gough ("Plaintiff"), at all times relevant to this action has resided in and been a citizen of Clark County, Washington.

COMPLAINT AND DEMAND
FOR JURY TRIAL – 1

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

3. Defendant Cook Incorporated is an Indiana Corporation with a principal place of business located at 750 Daniels Way, Bloomington, Indiana 47404. The registered agent for Cook Medical Incorporated is Corporation Service Company, 251 East Ohio Street, Indianapolis, Indiana 46204. Defendant Cook Incorporated is a citizen of Indiana. Defendant Cook Incorporated regularly conducts business in the state of Washington and is authorized to do so. Defendant also carried on solicitations or service activities in the state of Washington.

4. Defendant Cook Incorporated is the parent company of Defendant Cook Medical LLC (f/k/a Cook Medical Incorporated). Defendant Cook Medical LLC is an Indiana Corporation with a principal place of business located at 400 Daniels Way, Bloomington, Indiana 47404. The registered agent for Cook Medical LLC is Corporation Service Company, 251 East Ohio Street, Indianapolis, Indiana 46204. Cook Medical LLC's members and principals are residents and citizens of Indiana. Defendant Cook Medical LLC regularly conducts business in the state of Washington and is authorized to do so. Defendant also carried on solicitations or service activities in the state of Washington.

5. Defendant William Cook Europe APS is a foreign corporation with its principal place of business located at Sandet 6, Bjaeverskov, Denmark and regularly conducts business in the State of Indiana and is authorized to do so. Defendant also carried on solicitations or service activities in the state of Indiana. Defendant is both incorporated in and has its principle place of business in Denmark. Defendant William Cook Europe APS regularly conducts business in the state of Washington and is authorized to do so. Defendant also carried on solicitations or service activities in the state of Washington.

COMPLAINT AND DEMAND
FOR JURY TRIAL – 2

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

6. Hereinafter, each of the above Defendants shall be collectively referred to as "Cook."

7. At all times alleged herein, Defendants Cook include and included any and all parent companies, subsidiaries, affiliates, divisions, franchises, partners, joint venture's, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

8. Cook develops, manufactures, sells and distributes medical devices for use in various medical applications including endovascular cardiology, and surgical products throughout the United States and around the world. Cook's products include the Gunther Tulip Vena Cava Filter and the Cook Celect Vena Cava Filter, which are used for the prevention of recurrent pulmonary embolism via placement in the vena cava.

## II. STATEMENT OF VENUE AND JURISDICTION

9. This Court has jurisdiction over the subject matter of this action and the parties. This Court is also the proper venue for this action.

10. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and the Defendants regularly conduct business in this District.

COMPLAINT AND DEMAND FOR JURY TRIAL – 3

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

## III. FACTUAL BACKGROUND

12. Defendants designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sell products such as IVC filters that are sold to and marketed as a temporary/retrievable device to prevent, among other things, recurrent pulmonary embolism via placement in the vena cava. One such product, the Gunther Tulip Vena Cava Filter, is introduced into the vena cava via a 7 or 8.5 French coaxial introducer sheath system, depending on the insertion location: femoral or jugular.

13. The Gunther Tulip Filter Set is collectively referred to herein as the Cook Filter.

14. Defendants sought Food and Drug Administration ("FDA") approval to market the Cook Filter device and/or its components under Section 510(k) of the Medical Device Amendment.

15. On or about October 18, 2000, Defendants obtained Food and Drug Administration ("FDA") approval to market the Cook Filter device and/or its components under section 510(k) of the Medical Device Amendment.

16. Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of the said device.

17. An IVC filter, like the Cook Filter, is a device designed to filter blood clots (called "thrombi") that would otherwise travel from the lower portions of the body to the heart and lungs. IVC filters may be designed to be implanted, either temporarily or permanently, within the vena cava.

COMPLAINT AND DEMAND
FOR JURY TRIAL – 4

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

18. The inferior vena cava is a vein that returns blood to the heart from the lower portion of the body. In certain people, and for various reasons, thrombi travel from vessels in the legs and pelvis, through the vena cava into the lungs. Often these thrombi develop in the deep leg veins. The thrombi are called "deep vein thrombosis" or DVT. Once the thrombi reach the lungs they are considered "pulmonary emboli" or PE. PE presents a grave risk to human life and often results in death.

19. An IVC filter, like the Cook Filter, is designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

20. The Gunther Tulip Vena Cava Filter was sold and marketed as a temporary/retrievable filter, and is based on the Gunther Tulip Vena Cava MReye Filter, which is a permanent filter.

21. The Cook Gunther Tulip Filter has four (4) anchoring struts for fixation and eight (8) independent secondary struts to improve self-centering and clot trapping.

22. On or about December 12, 2005, Plaintiff Christopher Gough presented to Vancouver Peace Health Southwest Medical Center to be implanted with a temporary/retrievable IVC Filter known as the Gunther Tulip Vena Cava Filter which was designed, manufactured, marketed, distributed and sold by Cook. Plaintiff was undergoing surgery and his doctors wanted to make sure any blood clots occurring would not reach his lungs. The Gunther Tulip Vena Cava Filter was inserted into Plaintiff. There were no complications at the time of implantation.

23. On or about January 28, 2016, Plaintiff presented to the same hospital complaining of shortness of breath and chest pain. A CT revealed he had bilateral pulmonary

COMPLAINT AND DEMAND
FOR JURY TRIAL – 5

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

embolism. Plaintiff's filter has also perforated through the wall of his inferior vena cava and is tilted coronally approximately 16 degrees.

24. Plaintiff's doctors have informed him that his filter should not be removed as it is embedded in his vein. Plaintiff's filter remains within his body, to date.

25. Plaintiff is at risk for future Cook Günther Tulip Filter fractures, migrations, perforations and tilting, as well as future recurrent DVT and/or pulmonary embolism. He faces numerous health risks, including the risk of death. For the rest of Plaintiff's life, he will require on-going medical monitoring.

26. At all times relevant hereto, the Cook Filter was widely advertised and promoted by the Defendants as a safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava as a temporary/retrievable device.

27. At all times relevant hereto, Defendants knew its Cook Filter was defective and knew that defect was attributable to the design's failure to withstand the normal anatomical and physiological loading cycles exerted in vivo.

28. The Defendants failed to disclose to physicians, patients, or Plaintiffs that its Cook Filter was subject to not being removed/retrieved once the risk for pulmonary emboli has passed thus placing patients at risk for injury due to breakage and migration or risk of perforation and damage to the vena cava wall. These patients also require lifetime anticoagulation medication(s) and are at high risk for hemorrhage.

29. At all times relevant hereto, the Defendants continued to promote the Cook Filter as safe and effective even though the clinical trials that had been performed were not adequate to support long or short term efficacy.

COMPLAINT AND DEMAND
FOR JURY TRIAL – 6

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

30. The Defendants concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Cook Filter, as aforesaid.

31. The Cook Filter is constructed of conichrome.

32. The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture."

33. The failure of the Cook Filter is attributable, in part, to the fact that the Cook Filter suffers from a design defect causing it to be unable to withstand the normal anatomical and physiological loading cycles exerted in vivo.

34. At all times relevant hereto the Defendants failed to provide sufficient warnings and instructions that would have put the Plaintiff and the general public on notice of the dangers and adverse effects caused by implantation of the Cook Filter, including, but not limited to the design's failure to withstand the normal anatomical and physiological loading cycles exerted in vivo.

35. The Cook Filter was designed, manufactured, distributed, sold and/or supplied by the Defendants, and was marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendants' knowledge of the product's failure and serious adverse events.

36. At all times relevant hereto, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the Cook Filter when they knew or should have known of the hazardous and dangerous propensities of the said products, and thereby actively participated in the tortious conduct that resulted in the injuries suffered by the Plaintiff.

COMPLAINT AND DEMAND
FOR JURY TRIAL – 7

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

## IV. COUNT ONE: PRODUCT LIABILITY UNDER RCW 7.72.010 et seq.

37. Plaintiff incorporates the previous allegations of the Complaint.

38. The Defendants were manufacturers and/or product sellers within the meaning of RCW 7.72 *et seq.* in connection with the Defendants' IVC Filter products at issue in this case.

39. The Defendants' IVC Filter product at issue in this case was: 1) not reasonably safe as constructed, designed, installed or maintained; 2) not reasonably safe because adequate warnings or instruction were not provided; and 3) not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW.

40. Specifically, the Defendants' IVC Filter was not reasonably safe within the meaning of RCW 7.72.030, including but not limited to, one or more of the following particulars:

   a. The Defendants' IVC Filters were designed and manufactured in such a manner as to present an unreasonable risk of fracture of portions of the device.

   b. The Defendants' IVC Filters were designed and manufactured so as to present an unreasonable risk of migration of the device and/or portions of the device.

   c. The Defendants' IVC Filters were designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal placement within the human body.

COMPLAINT AND DEMAND
FOR JURY TRIAL – 8

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

    d. The Defendants' IVC Filters were designed and manufactured so as to present an unreasonable risk of perforation and damage to the vena cava wall.

    e. The Defendants unreasonably and carelessly failed to properly warn of the dangers and risks of harm associated with the Defendants' Cook Filter, specifically its incidence of fracture, migration, perforation, and other failures, including failing to catch blood clots resulting in pulmonary embolism.

    f. The Defendants unreasonably and carelessly manufactured a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body.

    g. The Defendants unreasonably and carelessly designed a product that presented a risk of harm to the Plaintiff and others similarly situated in that it was prone to fail.

    h. The Defendants' Filter was designed in such a manner so as to be prone to a unreasonably high incident of fracture, perforation of vessels and organs, migration, and/or failure to catch blood clots resulting in pulmonary embolism.

    i. The Defendants' Filter was designed in such a manner so as to result in a unreasonably high incident of injury to the organs including the vena cava of its purchaser.

COMPLAINT AND DEMAND
FOR JURY TRIAL – 9

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

j. The Defendants' Filter was manufactured in such a manner so that the exterior surface of the Cook Filter was inadequately, improperly and inappropriately designed causing the device to weaken and fail.

k. The Defendants failed to provide the warning or instruction and/or an adequate warning or instruction which a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the Cook Filter would cause harm.

l. The Defendants manufactured and/or sold the Cook Filter and that filter did not conform to representations made by the Defendant when it left the Defendant's control.

m. The Defendants manufactured and/or sold the Cook Filter that was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the Cook Filter design or formulation exceeded the benefits associated with that design. These defects existed at the time the product left the Defendants' control.

n. The Defendants manufactured and/or sold the Cook Filter when it deviated in a material way from the design specifications, formulas or performance standards or form otherwise identical units manufactured to the same design specifications, formulas, or performance standards, and these defects existed at the time the product left the Defendants' control.

COMPLAINT AND DEMAND FOR JURY TRIAL – 10

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

41. At all times relevant hereto, the Cook Filter was not reasonably safe and presented a substantial danger to patients who were implanted with the Cook Filter and these risks and dangers were known or knowable at the times of distribution and implantation in Plaintiff in 2005. Ordinary consumers would not have recognized the potential risks and dangers the Cook Filter posed to patients because its use was specifically promoted to improve the health of such patients. The Cook Filter was used by the Plaintiff and his treating physicians in a reasonably foreseeable manner.

42. The Defendants failed to provide warnings of such risks and dangers to the Plaintiff and his medical providers as described herein.

43. As a direct and proximate result of the Defendants' inadequate warnings and the Cook Filter's defects, as described herein, Plaintiff suffered significant and severe injuries to his body resulting in significant expenses for medical treatment, and incurred a substantial loss of earnings, as well as non-economic damages.

### V.   COUNT TWO:  PUNITIVE DAMAGES

44. Plaintiff incorporates the previous allegations of the Complaint.

45. The actions and inactions of all the Defendants, and or alternatively the employees or agents of Defendants, and their predecessors-in-interest, whether taken separately, or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the injury and damages of Plaintiff.

46. More specifically, Defendants, or alternatively the employees or agents of Defendants, and their predecessors-in-interest, consciously and/or deliberately concealed risks associated with their product and nevertheless preceded with conscious indifference to

COMPLAINT AND DEMAND
FOR JURY TRIAL – 11

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

the rights, safety, and welfare of Plaintiff by failing to act to disclose these risks to him or his healthcare professionals.

WHEREFORE, Defendants are guilty of oppression, fraud, and/or malice, express or implied for which they should be held liable in punitive damages under Washington law to Plaintiff.

## VI.   REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Christopher Gough, demands judgment against the Defendants Cook Medical Incorporated a/k/a Cook Medical, Inc., Cook Incorporated, Cook Group, Inc., and William Cook Europe APS as follows:

1. For general damages in a sum exceeding this Court's jurisdictional minimum for all of Plaintiffs' injuries in an amount to be determined at trial;
2. For reasonable medical expenses, past and future;
3. For lost earnings and/or earning potential;
4. For prejudgment interest and post-judgment interest as allowed by law;
5. For the costs and expenses of the suit herein incurred;
6. For reasonable attorneys' fees and costs to Plaintiff as provided by law;
7. For punitive damages as allowed under Washington law; and
8. For such other and further relief as this Court may deem just and proper.

//
//
//
//
//

COMPLAINT AND DEMAND
FOR JURY TRIAL – 12

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

## VII.  JURY TRIAL

The Plaintiff respectfully requests a trial by jury in the above case as to all issues.

Dated this 13th day of April, 2017.    Respectfully submitted by,

**CORRIE YACKULIC LAW FIRM, PLLC**

*/s/ Corrie J. Yackulic*
Corrie Yackulic Law Firm, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Telephone:    206/787-1915
Facsimile:     206/299-9725
Email: corrie@cjylaw.com

**Attorney for Plaintiff**

COMPLAINT AND DEMAND
FOR JURY TRIAL – 13

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725